Report Date: August 4, 2017

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 07, 2017

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Ronnie T. Simms | Case Number: 0980 2:14CR00021-RMP-7 |
| Address of Offender: ▮▮▮▮▮▮▮▮▮▮ | Spokane, Washington 99207 |

Name of Sentencing Judicial Officer: The Honorable Rosanna Malouf Peterson, U. S. District Judge

Date of Original Sentence: April 21, 2015

Original Offense: Distributon of Oxycodone Hydrochloride, 21 U.S.C. § 841(a)(1) and (b)(1)(C)

| | | | |
|---|---|---|---|
| Original Sentence: | Prison - 10 months;<br>TSR - 3 years | Type of Supervision: Supervised Release | |
| Amended Sentence<br>(May 27, 2015) | Prison - 264 days;<br>TSR - 3 years | | |
| Asst. U.S. Attorney: | James Goeke | Date Supervision Commenced: May 28, 2015 | |
| Defense Attorney: | Benjamin Flick | Date Supervision Expires: May 27, 2018 | |

## PETITIONING THE COURT

**To incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court on 04/19/2017, 05/23/2017, and 06/20/2017.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance
---|---
4 | **Mandatory Condition # 4**: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.<br><br>**Supporting Evidence**: On May 29, 2015, Mr. Ronnie Simms signed his conditions relative to case number 2:14CR00021-RMP-7, indicating he understood all conditions as ordered by the Court. Specifically, Mr. Simms was made aware by his U.S. probation officer that he was required to refrain from the use of illegal controlled substances.<br><br>Mr. Simms is alleged to have violated mandatory condition number 4 by ingesting cocaine prior to July 24, 2017, and again prior to July 31, 2017, based on laboratory confirmation, and by ingesting ecstasy based on the client's admission to the undersigned officer on July 31, 2017.

Specifically, on Saturday, July 22, 2017, the undersigned officer, with the assistance of United States Probation Officer (USPO) Hanson, conducted an unscheduled home contact with the client. During the contact, the client admitted to this officer that he had consumed alcohol the night before, and a half empty fifth of alcohol was observed on the kitchen table. As a part of the contact, Mr. Simms was directed to report to U.S. Probation Office for urinalysis testing on Monday, July 24, 2017.

On July 24, 2017, Mr. Simms reported to U.S. Probation as directed and provided a urinalysis sample for testing that was presumptive positive for cocaine. Mr. Simms verbally admitted to the testing officer that he ingested cocaine while on vacation a couple of weeks ago, however, indicated that he was not going to admit to using the drug, despite doing so verbally, until the lab confirmation was received.

On July 31, 2017, the undersigned officer contacted Mr. Simms and directed him to report to U.S. Probation. Mr. Simms reported as directed and denied both ingesting cocaine and that he had admitted any use of the product to the officer who had previously collected his urinalysis sample at U.S. Probation on July 24, 2017. Mr. Simms did, however, admit to using ecstasy while being intimate with a partner on or about July 29, 2017, although denied that this use was wilful, instead stating that his partner passed the drug to him. Mr. Simms again submitted to urinalysis testing as a part of the contact, the results of which were again presumptive positive for cocaine, and Mr. Simms again denied any use of the product.

On August 1, 2017, the undersigned officer received the lab confirmation from Alere Toxicology with respect to the urinalysis sample submitted by Mr. Simms at U.S. Probation on July 24, 2017, which was confirmed as being positive for cocaine. Mr. Simms was contacted telephonically on August 3, 2017, in response; however, he again denied using the product despite the results provided in the lab report.

On August 4, 2017, the undersigned officer received the lab confirmation from Alere Toxicology with respect to the urinalysis sample submitted by Mr. Simms at U.S. Probation on July 31, 2017, which was confirmed as being positive for cocaine.

| | |
|---|---|
| 5 | **Special Condition # 17**: The defendant shall not enter into or remain in any establishment where alcohol is the primary item of sale. The defendant shall abstain from alcohol and shall submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but not more than 6 tests per month, in order to confirm continued abstinence from this substance. |

**Supporting Evidence:** On June 23, 2016, a modification to the conditions imposed under case number 2:14CR00021-RMP-7, was sought by the undersigned officer in response to admitted violation behavior on the part of the client. Specifically, Mr. Simms indicated that alcohol served as a trigger for illicit drug use for him. Mr. Simms did sign a waiver of hearing form noting his compliance and acceptance of the condition as imposed.

Mr. Simms is alleged to have violated special condition number 17 by drinking alcohol on or about July 21, 2017, based on his admission.

Specifically, on Saturday, July 22, 2017, the undersigned officer, with the assistance of United States Probation Officer (USPO) Hanson, conducted an unscheduled home contact with the client. During the contact, the client admitted to this officer that he had consumed

alcohol the night before, and a half empty fifth of alcohol was observed on the kitchen table. Mr. Simms later reported to U.S. Probation on July 31, 2017, and signed a drug use admission form documenting his use of alcohol on or about July 21, 2017, indicating that he and a few friends drank together as part of a "celebration party."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  August 4, 2017

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

## THE COURT ORDERS

[ ] No Action
[ ] The Issuance of a Warrant
[ ] The Issuance of a Summons
[X] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[X] Defendant to appear before the Judge assigned to the case.
[ ] Defendant to appear before the Magistrate Judge.
[ ] Other

Signature of Judicial Officer

8/7/2017

Date